1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11

LAMAR WHITE,

Case No. 2:21-cv-00139-JFW (AFM)

12

Petitioner,

13

v.

**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION**

14

STATE OF CALIFORNIA,

15

16

Respondent.

17

18      In 2015, Petitioner was convicted in the Los Angeles County Superior Court

19  of rape by foreign object and sexual battery. Based upon his prior felony convictions,

20  Petitioner is currently serving a sentence of 25 years to life plus four years. (ECF No.

21  1 at 2.)

22      On appeal, the California Court of Appeal found Petitioner's trial counsel

23  provided deficient performance with respect to the sexual battery charge. As a result,

24  it affirmed Petitioner's rape conviction, but reversed the sexual battery conviction

25  and directed the trial court to vacate the consecutive two-year term imposed with

26  respect to that count. The state appellate court affirmed Petitioner's rape conviction.

27  The California Supreme Court denied review.

28      In 2018, Petitioner filed a federal habeas corpus petition challenging his 2015

conviction. (Case No. 2:18-cv-05057-JFW (AFM)). That petition raised two claims: (1) Petitioner received ineffective assistance of counsel at trial based upon numerous deficiencies and (2) the state court lacked jurisdiction due to the delay in issuing a warrant for Petitioner's arrest. On March 10, 2020, this Court entered judgment denying the petition on the merits and dismissing the action with prejudice. Petitioner filed a notice of appeal, and the case is currently pending in the Ninth Circuit Court of Appeal.

The current petition for a writ of habeas corpus, filed on January 4, 2021, again challenges Petitioner's 2015 conviction. The petition alleges that trial counsel's ineffective assistance warranted reversal of not only the sexual battery conviction, but the rape conviction. (ECF No. 1 at 5.) In an apparent attempt to distinguish the current petition from a second or successive petition, Petitioner alleges that it "does not directly challenge my former Trial counsel's Ineffective Assistance of Counsel during my jury trial, instead it challenges the California State Court of Appeal's decision to find my former trial counsel to be at fault for I.A.C., but failure to dismiss all counts in which my trial counsel represented me during trial." (ECF No. 1 at 6.) Notwithstanding Petitioner's attempt to recharacterize his claim, he clearly seeks to overturn his 2015 conviction. (ECF No. 1 at 6.)

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it.[1]

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule

*See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Furthermore, to the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals.

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 12, 2021

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

---

22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.